UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BCC PARTNERS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| TRAVELERS PROPERTY CASUALTY | ) |
| COMPANY OF AMERICA, | ) |
| | ) |
| Serve:  c/o Director of Insurance | ) |
|            Missouri Department of Insurance | ) |
|            301 W. High Street, Room 530 | ) |
|            Jefferson City, Missouri 65101 | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

COMES NOW BCC Partners, LLC ("BCC"), and for its Complaint against Travelers Property Casualty Company of America ("Travelers"), states as follows:

**Parties, Jurisdiction and Venue**

1. BCC is, and at all times relevant hereto has been, a Missouri limited liability company with its principal place of business located in St. Louis County, Missouri.

2. BCC has two members: Altus MF, LLC and CCMF, LLC.

3. Altus MF, LLC is, and at all times relevant hereto has been, a Missouri limited liability company with its principal place of business located in St. Louis County, Missouri.

4. CCMF, LLC is, and at all times relevant hereto has been, a Missouri limited liability company with its principal place of business located in St. Louis County, Missouri.

1

5. Altus MF, LLC has two members: Altus Realty Advisors, LLC and 6300 Olson Highway, LP.

6. Altus Realty Advisors, LLC is a Missouri limited liability company with its principal place of business located in St. Louis County, Missouri.

7. Altus Realty Advisors, LLC has two members: Robert L. Johnson, as trustee of the Robert H. Johnson Revocable Trust, and Peter S. Gray, as trustee of the Peter S. Gray Revocable Trust.

8. The Robert L. Johnson Revocable Trust is a fiduciary trust created for estate-planning purposes.

9. Robert L. Johnson is the trustee of the Robert L. Johnson Revocable Trust and he is a citizen of the State of Missouri residing in St. Louis County, Missouri.

10. The Peter S. Gray Revocable Trust is a fiduciary trust created for estate-planning purposes.

11. Peter Gray is the trustee of the Peter S. Gray Revocable Trust and he is a citizen of the State of Missouri residing in St. Louis County, Missouri.

12. 6300 Olson Highway, LP is a Missouri limited partnership with its principal place of business located in St. Louis County, Missouri.

13. The managing partner/general partner of 6300 Olson Highway, LP is Churchill Management Co.

14. Churchill Management Co. is a Missouri corporation with its principal place of business located in St. Louis County, Missouri.

15. There are three limited partners of 6300 Olson Highway, LP: Robert L. Johnson, as trustee of the Robert L. Johnson Revocable Trust; Mary A. Johnson, as trustee of the Mary A. Johnson Revocable Trust; and Robert L. Johnson and Mary A. Johnson, as trustees of the Robert L. Johnson and Mary A. Johnson Irrevocable Grandchildren's Trust.

16. The Robert L. Johnson Revocable Trust, the Mary A. Johnson Revocable Trust, and the Robert L. Johnson and Mary A. Johnson Irrevocable Grandchildren's Trust are all fiduciary trusts created for estate-planning purposes.

17. Mary A. Johnson is a citizen of the State of Missouri residing in St. Louis County, Missouri

18. CCMF, LLC has two members: J.H. Berra Holding Co., Inc. and Joseph W. Nicpon, II, as trustee of the Joseph W. Nicpon, II Revocable Trust.

19. J.H. Berra Holding Co., Inc. is a Missouri corporation with its principal place of business located in St. Louis County, Missouri.

20. The Joseph W. Nicpon, II Revocable Trust is a fiduciary trust created for estate-planning purposes.

21. Joseph W. Nicpon, II is the trustee of the Joseph W. Nicpon, II Revocable Trust and he is a citizen of the State of Missouri residing in St. Louis County, Missouri.

22. Travelers is an insurance company incorporated in the State of Connecticut with a statutory home and principal place of business located in Hartford, Connecticut.

23. This Court has jurisdiction over this Complaint on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, as this is a civil action in which the amount in

controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and interest, and is between citizens of different states.

24.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to BCC's claims occurred in the Eastern District of Missouri, specifically St. Louis County, Missouri.

### The Project, the Policy and the Wall Failure

25.     BCC is, and at all times relevant hereto has been, the owner of the real property and improvements located at 10545 Old Olive Street Road in St. Louis County, Missouri (the "Property").

26.     BCC and Ben F. Blanton Construction, Inc. ("Blanton") entered into a contract whereby Blanton agreed to perform certain construction work on a project ("Project") known as The Vue, located on the Property. The Project involved the construction of seven (7) apartment buildings with a total of 182 apartment units and retail space on a portion of the first floor of one of the buildings.

27.     For and in consideration of the payment of a premium by Blanton, Travelers issued a policy of insurance ("Policy") to Blanton having policy number QT-660-4860N195-TIL-15, with a policy period of June 15, 2015 to September 30, 2016.  A true and correct copy of the Policy is attached hereto as Exhibit 1, and is incorporated herein by reference.

28.     BCC is an additional named insured under the Policy as Blanton's contract with BCC required Blanton to name BCC as an additional insured.   (See Ex. 1, page 27).

29. The Project is "Covered Property" as that term is defined in the Policy. (See Ex. 1, pages 5, 8 and 16).

30. The Policy includes Builders' Risk Special Time Element Coverage with a coverage limit of $1,500,000.00. (See Exhibit 1, pages 10 and 35 - 38).

31. The Policy includes a Coverage Extension for Soft Costs with a coverage limit of $100,000.00. (See Exhibit 1, pages 11 and 17 - 18).

32. As part of the construction work on the Project, Blanton designed and built a retaining wall at the north end of the Project/Property (the "Retaining Wall").

33. As part of its management of the Project, Blanton prepared a Project Schedule Update dated December 10, 2015 showing Blanton's anticipated schedule for completion of the remaining work on the Project as of December 10, 2015.

34. A true and correct copy of Blanton's December 10, 2015 Project Schedule Update is attached hereto as Exhibit 2 and is incorporated herein by reference.

35. On or about December 28, 2015, as a result of significant rainfall at the Project/Property, the Retaining Wall moved and both the Retaining Wall and adjacent Project improvements sustained damage (the "Occurrence").

36. The Retaining Wall and the adjacent Project improvements are part of the "Covered Property" as that term is defined in the Policy. (See Ex. 1, pages 5, 8 and 16).

37. The Occurrence was a "Covered Cause of Loss" as that term is used in the Policy. (Exhibit 1, page 36).

38. Prior to the Occurrence, as reflected by its December 10, 2015 Project Schedule Update, Blanton was scheduled to complete (and planned to complete) the Project by September 27, 2016.

39. As a result of the Occurrence and the significant repair work required as a result of the Occurrence, Blanton prepared an update to the Project Schedule. As reflected in Blanton's Project Schedule Update printed on April 7, 2016, Blanton's scheduled date for completion (and planned date for completion) of the Project was extended to March 8, 2017 due to the Occurrence.

40. A true and correct copy of Blanton's Project Schedule Update printed on April 7, 2016 is attached hereto as Exhibit 3 and is incorporated herein by reference.

### Blanton's Claim under the Policy

41. Blanton submitted a claim to Travelers under the Policy for $3,928,647.79, representing Blanton's alleged costs of repair/replacement of the Retaining Wall and repair/replacement of the adjacent improvements damaged by the Occurrence.

42. Blanton did not submit a claim to Travelers under the Policy's Builders' Risk Special Time Element Coverage.

43. Blanton did not submit a claim to Travelers under the Policy's Coverage Extension for Soft Costs.

44. Blanton's claim under the Policy was for the alleged direct physical loss to the Covered Property as defined under the Policy.

45. To date, Travelers has paid Blanton a total of $1,317,080.00 on Blanton's claim under the Policy.

### BCC's claim under the Policy

46. BCC initially notified Travelers of BCC's claim under the Policy on June 29, 2016.

47. By email and letter dated July 21, 2016, Travelers requested Blanton and BCC to provide information concerning all claims under the Policy.

48. By email dated November 16, 2016, Travelers requested Blanton and BCC to provide more information regarding the claims under the Policy.

49. BCC provided information Travelers with documentation in support of BCC's claim under the Policy in response to Travelers' requests for information.

50. On or about December 15, 2016, Travelers issued a check to BCC for $200,000.00 as an "advance payment under Time Element Coverage."

51. Travelers has made no further payments to BCC on BCC's claim under the Policy.

52. BCC continued to supply Travelers with information and documentation in support of BCC's claim under the policy up through June 1, 2018.

53. By letter dated March 21, 2019, Travelers notified BCC that no further payments would be made to BCC on BCC's claim under the Policy.

54. By letter dated June 6, 2022, BCC formally demanded that Travelers pay BCC the remaining $1,300,000.00 available under the Policy's Builders' Risk Special Time Element Coverage, and the $100,000.00 available under the Policy's Coverage Extension for Soft Costs.

## Count 1 – Breach of Insurance Contract

55. BCC restates, realleges and incorporates by reference the allegations contained in all of the preceding numerical paragraphs of BCC's Complaint, all as if more fully set forth herein.

56. Under the Policy's Special Time Element Coverage, Travelers agreed to pay to BCC the actual loss of "rental value" of the Property due to the delay in the startup of BCC's business activities (i.e., operation of the apartment complex being constructed by Blanton) during the "post-loss period of repair or construction." (See Exhibit 1, page 35).

57. "Rental Value" is defined under the Policy's Special Time Element Coverage to mean the sum of: (a) total rental income from the tenant occupancy of the completed Project; (b) the charges which are the legal obligation of the tenants and which would otherwise be BCC's obligation; plus (c) the fair rental value of any portion of the completed Project that would not have been occupied by BCC. (See Exhibit 1, page 38).

58. Under the Policy's Special Time Element Coverage, the term/phrase "post-loss period of repair or construction" means the period of time after direct physical loss or damage to Covered Property that begins after the Waiting Period shown in the Declarations from the

"planned completion date", and ends on the date when the Covered Property "should be completed using reasonable speed and similar quality." (See Exhibit 1, page 37).

59. Under the Policy, the term/phrase "planned completion date" means the date the Project would have been put into operation or use for its intended purpose in the normal course of construction if the Occurrence had not occurred. (See Exhibit 1 at page 33).

60. The "planned completion date" applicable to BCC's claim under the Policy is September 27, 2016. (See Ex. 1, page 33; Ex. 2).

61. The Waiting Period under the Policy's Special Time Element Coverage is 21 consecutive days. (See Exhibit 1, page 10).

62. For purposes of BCC's claim under the Policy, the date when the Covered Property "should be completed using reasonable speed and similar quality" is no earlier than March 8, 2017. (See Exhibit 3).

63. The "post-loss period of repair or construction" applicable to BCC's claim under the Policy's Special Time Element Coverage is the period that begins 21 days after September 27, 2016 (which is October 18, 2016) and ends no earlier than March 8, 2017; a total of 141 days.

64. The "rental value" of the Property upon completion of the Project was not less than $317,667 per month; or $10,433.85 per day.

65. BCC was entitled to be paid no less than $1,472,582.85 by Travelers for the Lost Rental Value portion of BCC's claim under the Policy's Special Time Element Coverage.

66. The Policy's Special Time Element Coverage also includes coverage for "soft costs" during the "period of delay in completion." (See Exhibit 1, page 35).

67. The Policy's Special Time Element Coverage for "soft costs" is in addition to the Policy's Coverage Extension for Soft Costs. (See Exhibit 1, pages 18 and 36 – 37).

68. The Policy's Coverage Extension for Soft Costs also includes coverage for "soft costs" during the "period of delay in completion." (See Exhibit 1, page 18).

69. Under the Policy, the term/phrase "period of delay in completion" means that period of time that begins with the "planned completion date" and ends on the date when the Covered Property should be completed using reasonable speed and similar quality. (See Exhibit 1, page 33).

70. The "period of delay in completion" applicable to BCC's claim for "soft costs" under the Policy's Special Time Element Coverage and the Policy's Coverage Extension for Soft Costs, is the period that begins September 27, 2016 and ends no earlier than March 8, 2017; a total of 162 days.

71. Under the Policy's Special Time Element Coverage and the Policy's Coverage Extension for Soft Costs, the covered "Soft Costs" include, but are not limited to: (a) general overhead and administrative expenses other than legal, accounting and professional fees; (b) interest on money borrowed to finance construction; and (c) real estate taxes. (See Exhibit 1, pages 10 and 34).

72. During the "period of delay in completion" applicable to BCC's claim under the Policy's Special Time Element Coverage and the Policy's Coverage Extension for Soft Costs, BCC incurred $52,411.09 in general overhead and administrative expenses other than legal, accounting and professional fees.

73. During the "period of delay in completion" applicable to BCC's claim under the Policy's Special Time Element Coverage and the Policy's Coverage Extension for Soft Costs, BCC paid $123,417.63 in interest on its loan used to finance construction of the Project.

74. During the "period of delay in completion" applicable to BCC's claim under the Policy's Special Time Element Coverage and the Policy's Coverage Extension for Soft Costs, BCC paid $15,144.51 in real estate taxes.

75. BCC is entitled to be paid the entire $100,000.00 limit under the Policy's Coverage Extension for Soft Costs. (See Exhibit 1, page 11).

76. Taking into account the prior $200,000.00 advance paid by Travelers, BCC is entitled to be paid an additional $1,300,000.00 under the Policy's Special Time Element Coverage.

77. Travelers has materially breached its obligations under the Policy by failing and refusing to pay BCC the $100,000.00 due under the Policy's Coverage Extension for Soft Costs, and the additional $1,300,000.00 due under the Policy's Special Time Element Coverage.

78. BCC is entitled to recover prejudgment interest on its damages at the rate of 9% per annum pursuant to Mo. Rev. Stat. § 408.020 from the date that payment was due BCC under the Policy.

WHEREFORE, BCC Partners, LLC requests this Court to enter judgment in its favor and against Travelers Property Casualty Company of America in the amount of $1,400,000.00, plus prejudgment interest thereon at the rate of 9% per annum from and after the date payment was due BCC, plus costs of Court, and for such other and further relief as the Court deems just and proper.

### **Count 2 – Vexatious Refusal to Pay**

79. BCC restates, realleges and incorporates by reference the allegations contained in all prior numerical paragraphs of BCC's Complaint, all as if more fully set forth herein.

80. Travelers has failed to pay BCC the remaining amounts due under the Policy without reasonable cause or excuse.

81. Pursuant to Mo. Rev. Stat. § 375.420, in addition to the sums requested in Count 1, BCC is entitled to recover damages not to exceed twenty percent (20%) of the first fifteen hundred dollars of the amounts due BCC, and ten percent (10%) of the amount due BCC in excess of fifteen hundred dollars, plus reasonable attorney's fees.

WHEREFORE, BCC Partners, LLC requests this Court to enter judgment in its favor and against Travelers Property Casualty Company of America in the amount of the sums due under Count 1, plus $300.00 (twenty percent of the first $1,500.00), plus ten percent of the amount found to be due BCC in excess of $1,500.00, plus BCC's attorney's fees, plus costs of Court, and for such other and further relief as the Court deems just and proper.

                    COCKRIEL & CHRISTOFFERSON, LLC

By:    /s/ Steven M. Cockriel
        Steven M. Cockriel, #MO33724
        Philip J. Christofferson, #MO50134
        Michael J. Rolwes, #MO52956
        3660 South Geyer Road, Suite 320
        St. Louis, Missouri 63127-1223
        314-821-4200
        314-821-4264 Fax
        scockriel@cockriel.com
        pchristofferson@cockriel.com
        mrolwes@cockriel.com

Attorneys for Plaintiff BCC Partners, LLC