UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BCC PARTNERS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4: 22 CV 849 RWS |
| | ) |
| TRAVELERS PROP. CAS. CO. OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

This matter is before me on plaintiff's motion to strike defendant's experts for failure to produce their experts in accordance with the deadlines set out in the amended case management order. [31]. Defendant admits that it did not produce its experts for deposition in accordance with the case management order, claiming that counsel and one its experts were unavailable due to a related trial that took place in this Court.

Defendant attempts to justify its refusal to comply with the deposition deadlines by arguing that it informed plaintiff that it was unable to comply with the deadlines when it disclosed its experts, and that plaintiff would suffer no prejudice if the depositions were conducted past the deadline set out in the case management order.

Defendant's argument ignores several relevant facts: it suggested the deposition deadlines after the related case was already set for trial; and, it never asked the Court to extend the deposition deadlines.

**The deadlines set out in the case management order are not mere suggestions that may be ignored at the whim of the parties or their counsel**. The Court specifically instructed the parties to propose expert discovery deadlines precisely to avoid the very excuse upon which defendant now relies.  Nor is defendant's conduct excused simply because it informed plaintiff when it disclosed its experts that it had no intention of complying with the deposition deadlines. **Defendant was obligated to follow my deadlines or ask me to extend them, based upon a showing of exceptional circumstances**.  That defendant has unilaterally decided that no prejudice will result from its flouting of Court deadlines does not equate to finding of exceptional circumstances justifying relief.  Plaintiff should not have been forced to file its motion to strike to raise this issue, and for that reason the Court is awarding plaintiff fees and costs associated with the filing of this motion.

Given the procedural posture of this case, and the lack of prejudice to plaintiff if the deposition deadline is extended, I will modify the expert deposition deadline one last time and give defendant until July 31, 2023 to produce their experts for deposition. **Failure to comply with that deadline will result in the striking of defendant's experts and subject defendant to additional potential sanctions.**

**The parties must request leave of Court to extend any future discovery deadlines**.

Defense counsel must submit an affidavit from defendant by June 20, 2023 which acknowledges that defendant has reviewed and understands this Memorandum and Order.

The Court reminds the parties of their obligation under the case management order to timely mediate this case in good faith.

Accordingly,

**IT IS HEREBY ORDERED** that **plaintiff's motion to strike [37] is denied to the extent that it seeks to strike defendant's experts, but granted to the extent it seeks other relief as follows: defendant shall pay plaintiff's reasonable attorney's fees and costs in bringing this motion.  Plaintiff shall submit its request for fees and costs no later than June 23, 2023.  Should defendant feel compelled to object, it must do so by June 26, 2023.**

**IT IS FURTHER ORDERED** that defendant shall make expert witnesses available for depositions, and have depositions completed, no later than **July 31, 2023.  This deadline will not be extended.  Failure to comply with this deadline will result in the striking of defendant's experts and subject defendant to additional potential sanctions.  The parties must request leave of Court to extend any future discovery deadlines.**

**IT IS FURTHER ORDERED** that defense counsel must submit an affidavit from defendant by June 20, 2023 which acknowledges that defendant has reviewed and understands this Memorandum and Order.

                                                /s/ Rodney W. Sippel
                                                RODNEY W. SIPPEL
                                                UNITED STATES DISTRICT JUDGE

Dated this 16th day of June, 2023.